**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALLIED FOOD DISTRIBUTORS, INC., and/or Fabro, Incorporated, and/or International Meat Processors, Inc., Respondents.**

**No. 27305.**

United States Court of Appeals Fifth Circuit.

Dec. 10, 1969.

Rehearing Denied Feb. 4, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Walter C. Phillips, Director, Region 10, Atlanta, Ga., Hans J. Lehmann, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Allison W. Brown, Jr., Attys., National Labor Relations Board, Washington, D. C., for petitioner.

William M. Pate, Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., for respondents.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ This application for enforcement of an order of the National Labor Relations Board presents us with no substantial issue of facts, nor is there any disagreement with respect to the basic law which relates to the rule prohibiting an employer from recognizing or contracting with one of two or more rival unions claiming representative status at a time when there are conflicting claims raising a real question of representation.[1]

We conclude that the Board's determinations that there was a substantial question as to whether there had been such an accretion of additional activities by the several companies involved in these proceedings as would make it inappropriate for General Teamsters Local Union No. 528 to seek the opportunity to represent some or all of the several units, any one of which might appropriately have been determined by the Board to constitute a suitable bargaining unit is supported by substantial evidence. We also conclude that no previous proceedings foreclose this issue, and that when respondent entered into its new contract with District 50 on April 17, 1967, covering all of the operations with the normal exclusions, this violated the principle recognized by both parties as the Midwest Piping rule. Midwest Piping & Supply Co., 63 NLRB 1060 (1945).

■ Upon carrying out the Board's order, the employees of the units in question will have full opportunity to choose their bargaining agent. This, in essence, is what is contemplated by the act. We conclude that the record in this case warrants the entering of the Board's order.

The Board's order will be enforced.

1. * * * When an employer is faced with conflicting claims of rival unions and a serious question exists as to which union represents a majority of employees, the employer must adhere to a policy of strict neutrality. The employer must withhold recognition of either union, until the rivalry is settled at the polls in a Board-conducted, secret election. N.L.R.B. v. Signal Oil & Gas Co. (5th Cir., 1962) 303 F.2d 785, 786–787.